UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BREANNA GUILE,

    Plaintiff,

v.                                                Case No. 18-cv-671-pp

NANCY BERRYHILL,

    Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

---

On April 30, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No.3.

In order to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states in her affidavit that she last worked in "either 2016 or 2017," and was paid $250 per month. Dkt. No. 3 at 2. The plaintiff indicates that she is "not currently employed as [she is] disabled." Id. at 5. The affidavit also states that

1

currently the plaintiff has no income, no cash, and no checking or savings accounts; the plaintiff does not own a car or a residence or any intangible property of any value. Id. at 2-4. In addition, the plaintiff says that she has no expenses. Id. at 4. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the plaintiff is disabled, and that the commissioner's conclusions and findings of fact are not supported by substantial evidence and are contrary to law and regulation. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No.3.

Dated in Milwaukee, Wisconsin this 7th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**