# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BREANNA GUILE,**

    **Plaintiff,**

    **v.**                                                                                  **Case No. 18-CV-671**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Breanna Guile seeks judicial review of an Administrative Law Judge's denial of her application for supplemental security income ("SSI") pursuant to 42 U.S.C. § 405(g). The Commissioner moves to dismiss Guile's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket # 17.) Specifically, the Commissioner contends that § 405(g) does not provide a cause of action because no final decision was issued as to Guile's claim of disability because Guile's request for a hearing was dismissed for failure to appear. The Commissioner further contends that Guile's amended complaint fails to allege facts that, if established, would entitle her to relief. For the reasons discussed below, the Commissioner's motion to dismiss is denied.

## BACKGROUND

The relevant background facts, which consist solely of the procedural history of this case, are undisputed. Guile's SSI benefits were ceased at an initial level of review on December 1, 2015. (Declaration of Dexter Potts ("Potts Decl.") ¶ 3(a), Ex. 1, Docket # 17-2.) Although Guile received

benefits as a child, she was informed that she was not disabled under the definition of disability for adults. (*Id.*)

Guile filed a request for reconsideration on January 11, 2016, which was denied on February 10, 2017. (Potts Decl. ¶ 3(b), Ex. 2, Docket # 17-3.) On February 14, 2017, Guile filed a request for a hearing before an ALJ. (Potts Decl. ¶ 3(c)). The request for a hearing was dismissed by the ALJ on October 25, 2017. (Potts Decl. ¶ 3(c), Ex. 3, Docket # 17-4.) The ALJ dismissed Guile's request for a hearing because Guile did not appear at the hearing and failed to show good cause for not appearing. (*Id.*)

Guile filed a request for review of the ALJ's dismissal on December 19, 2017, and the Appeals Council denied her request for review on March 6, 2018. (Potts Decl. ¶ 3(d), Ex. 4, Docket # 17-5.) Guile filed an amended complaint in this Court on September 4, 2018 in which she alleges that she appeared at a different time than that set for her hearing, she was not afforded an opportunity to "show cause" for her failure to attend the hearing, she was denied procedural due process, and good cause exists for her failure to appear. (Am. Compl. ¶¶ 5–8, Docket # 14.)

**LEGAL STANDARDS**

Judicial review of decisions by the Commissioner is governed by 42 U.S.C. § 405(g), which provides in relevant part as follows: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . . " What constitutes a final decision "is left to the [Commissioner] to flesh out by regulation." *Weinberser v. Salfi*, 422 U.S. 749, 766 (1975). The regulations adopted by the Commissioner set forth the administrative review process a claimant must undergo before receiving a "final decision" of the Commissioner. *See* 20 C.F.R. § 416.1400(a).

The Commissioner moves for dismissal of Guile's complaint pursuant to Fed. R. Civ. P. 12(b)(1) (subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may look beyond the allegations of the complaint and view other submitted evidence. *See Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). Jurisdiction is the "power to decide" and must be conferred upon a federal court. *See In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). When evaluating a complaint under Rule 12(b)(6), it is improper to consider matters outside the pleadings without converting the motion to dismiss into a motion for summary judgment and allowing the parties to

present all pertinent materials. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

**ANALYSIS**

The Commissioner seeks dismissal of this action, arguing that: (1) the Court lacks jurisdiction under § 405(g) because the Commissioner did not issue a final decision as defined by the statute and (2) Guile's complaint fails to state a claim upon which relief can be granted. I will address each argument in turn.

*1. Motion to Dismiss Pursuant to Rule 12(b)(1)*

The Commissioner argues that this action must be dismissed for lack of subject matter jurisdiction because, as stated above, § 405(g) only allows for judicial review of "final decisions" and because the ALJ did not issue a decision on Guile's disability claim, there is no "final decision" to review. The Commissioner further argues that the regulations make clear that a dismissal of a request for a hearing is not subject to judicial review, citing 20 C.F.R. § 416.1459 ("[D]ismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.").

As an initial matter, it appears the Commissioner's argument currently before me is an argument frequently made, and frequently rejected, in this circuit because of the Seventh Circuit's decision in *Boley v. Colvin*, 761 F.3d 803 (7th Cir. 2014). *See, e.g.*, *Rodemeier v. Berryhill*, No. 16-CV-359, 2017 WL 1215456 (W.D. Wis. Mar. 31, 2017); *Craven v. Colvin*, No. 16-CV-53, 2017 WL 28094 (W.D. Wis. Jan. 3, 2017); *Davis v. Colvin*, No. 15-CV-610, 2016 WL 5888670 (W.D. Wis. Aug. 29, 2016); *Faulkner v. Colvin*, No. 14-CV-1767, 2015 WL 4619838 (S.D. Ind. July 31, 2015).

In *Boley*, the claimant's application for disability insurance benefits was denied initially and on reconsideration. 761 F.3d at 803. She failed to request a hearing within the sixty-day timeframe to do so, but alleged that she had good cause for this failure. *Id.* The ALJ dismissed the claimant's subsequent request for a hearing as untimely, reasoning that the claimant lacked "good cause" to file an untimely request. *Id.* The Seventh Circuit held that federal courts had jurisdiction to review the denial of the hearing because the phrase "after a hearing" in § 405(g) "means whatever process the Social Security Administration deems adequate to produce a final decision." *Id.* at 804–05. In each of the decisions cited above, the Commissioner attempts to distinguish *Boley*, to no avail.

In this case, the Commissioner attempts (as she has many times before), to distinguish *Boley* because *Boley* addressed a different kind of dismissal (i.e., an untimely request for a hearing vs. a failure to appear at a scheduled hearing) and because *Boley* did not specifically address the regulations at issue in this case. (Def.'s Br. at 4, Docket # 17.) For the same reasons articulated by the other courts in this circuit, I too reject the Commissioner's argument. The court in *Faulkner* faced an identical situation to the one currently before me—the claimant's request for a hearing was dismissed after she failed to appear at the hearing. 2015 WL 4619838, at *1. The Commissioner in *Faulkner* again argued that *Boley* was distinguishable because it was concerned with whether there was good cause to request a hearing outside the deadline, while its case concerned whether good cause existed to excuse the claimant's failure to appear at the scheduled hearing. *Id.* at *2. In rejecting the Commissioner's argument, the court found that:

> *Boley* is strikingly similar to this case. In both cases, the ALJ decided that dismissal of the application of benefits was warranted because the claimants failed to follow the proper administrative procedures and that neither had good cause for doing so. And again, in this case, like in *Boley*, Ms. Faulkner pursued her case "as far as the agency permitted."[*Boley*, 761 F.3d at 806]. The ALJ determined that she lacked good cause for her failure to appear at the scheduled hearing and the Appeals Council denied

> review of that decision. [Filing No. 17–1 at 2–3.] Because she pursued her case as far as the agency allowed, she is "entitled to judicial review of her contention that the agency mishandled her case." *Id.* at 806.

*Id.* The court also rejected the Commissioner's argument that *Boley* did not specifically address 20 C.F.R. § 416.1459, which states that "dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council." The *Faulkner* court found that what § 416.1459 establishes is that decisions of the Commissioner are binding unless further action to challenge them is taken. The court found that § 416.1459 did not undermine the clear direction from *Boley* that "again, as long as a claimant 'filed a claim for benefits and pursued it as far as the agency permitted [,] . . . she is entitled to judicial review of her contention that the agency mishandled her case.'" *Faulkner*, 2015 WL 4619838, at *3 (quoting *Boley*, 761 F.3d at 806).

As the *Faulkner* court noted, however, *Boley* limits judicial review to whether "'substantial evidence, and appropriate procedures, underlie the decision that [claimant]] lack[ed] 'good cause' for her [failure to appear at the scheduled hearing].'" *Id.* (quoting *Boley*, 761 F.3d at 808). *See also Craven*, 2017 WL 28094, at *4 (stating that "plaintiff may only seek judicial review of the Commissioner's finding that she lacked good cause to file an untimely request for reconsideration of the denial of benefits"). Thus, while I have jurisdiction to review Guile's case, my review is limited to the Commissioner's specific finding that Guile lacked good cause for failing to appear at the scheduled hearing. Thus, the Commissioner's motion to dismiss Guile's complaint pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

    *2.    Motion to Dismiss Pursuant to Rule 12(b)(6)*

The Commissioner alternatively argues Guile's complaint should be dismissed for failure to state a claim upon which relief may be granted. The Commissioner argues that under Rule 12(b)(6),

I may look beyond the allegations of the complaint. While this is true for a Rule 12(b)(1) motion, when evaluating a complaint under Rule 12(b)(6), it is improper to consider matters outside the pleadings without converting the motion to dismiss into a motion for summary judgment and allowing the parties to present all pertinent materials. *Gen. Elec. Capital Corp.*, 128 F.3d at 1080.

As stated above, to state a claim under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In her amended complaint, Guile alleges that she appeared at a different time than that set for her hearing, she was not afforded an opportunity to "show cause" for her failure to attend the hearing, she was denied procedural due process, and good cause exists for Guile's failure to appear. (Am. Compl. ¶¶ 5–8.) The allegations in Guile's amended complaint are enough to raise a right to relief above the speculative level. Thus, the amended complaint states a claim under Rule 12(b)(6) and the Commissioner's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

Guile did not respond to the Commissioner's motion to dismiss. To facilitate resolution of this case, I will set a briefing schedule for the parties to address the specific issue before me on judicial review. Namely, whether substantial evidence, and appropriate procedures, underlie the decision that Guile lacked good cause for her failure to appear at the scheduled hearing. The Commissioner will have fourteen (14) days from the date of this order to submit the administrative record and any additional authority on this issue. Guile will have fourteen (14) days from the filing of the Commissioner's brief to file a response.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner will have **fourteen (14) days** from the date of this order to submit the administrative record and any additional authority on this issue. Guile will have **fourteen (14) days** from the filing of the Commissioner's brief to file a response.

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge